IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE DUHREAL FLAGG-EL, <br> AIS 310705, <br>     Plaintiff, <br> v. <br> HOUSTON COUNTY SHERIFF <br> DEPARTMENT, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   CASE NO. 1:22-CV-268-WHA-KFP <br> ) <br> ) <br> ) <br> ) <br> ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Andre Flagg-El, an inmate at the Donaldson Correctional Facility, filed this 42 U.S.C. § 1983 Complaint on May 3, 2022. On May 5, the Court directed Plaintiff to submit an initial partial filing fee and informed him it was his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of the filing fee to the Court. Doc. 3. Instead of submitting the filing fee, Plaintiff filed two "Motions to Proceed" (Docs. 4, 6) stating that his multiple requests to "administrators" to forward the filing fee had been unsuccessful. *See id.* The Court considered Plaintiff's motions as requests for additional time to pay the filing fee and granted the motions. Docs. 5, 7.

In its September 23 Order, the Court also directed the warden at Plaintiff's institution to show cause why the filing fee had not been paid. Doc. 7. In response, the Alabama Department of Corrections submitted an affidavit by Garrick Sullivan, business office manager at Plaintiff's institution, testifying that he was unaware the Court had

ordered payment of a filing fee before receiving the September 23 Order. Doc. 8-1. Sullivan also testified that there was no record of a request by Plaintiff to pay the filing fee. *See id.*

As a result, the Court entered an Order on October 17 informing Plaintiff that it appeared he had engaged in an abuse of the judicial process by materially mispresenting his efforts to comply with court orders in this case and in twelve other cases he recently filed.[1] Doc. 11 at 2 n.1. The Order also informed Plaintiff that his misrepresentations appeared to reflect a deliberate attempt to conceal his ability to pay the filing fee and an intentional disregard of his obligation to the Court, including the obligation of truth and veracity in his filings. *Id*. at 2. Plaintiff was directed to show cause by October 31 as to why his conduct did not violate Rule 11(b) of the Federal Rules of Civil Procedure.[2] *Id.* at 3. Plaintiff was warned that a failure to comply would result in a recommendation of

---

[1] In the October 17 Order, the Court explained that judicial notice of court records reflect that on May 3, 2022, Plaintiff filed thirteen civil actions in this Court. In each case, Plaintiff was ordered to pay an initial partial filing fee, and, in each case, Plaintiff subsequently filed motions repeatedly stating that prison staff refused his requests for payment of the filing fee. Orders were entered in all thirteen cases requiring a response from prison officials regarding the refusal to pay the fee. In each case, Sullivan filed an affidavit virtually identical to the affidavit filed in this case. In a majority of the thirteen cases, the Court received a check for payment of the filing fee on or about the same date Sullivan submitted his affidavit. *See* Doc. 11 at 2 n.1–5.

[2] The Order informed Plaintiff that under Rule 11(b), "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it," an unrepresented party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the factual contentions presented to the Court "have evidentiary support." Fed. R. Civ. P. 11(b)(3). Rule 11 "authorizes the district court to sanction a party who files a pleading containing a false factual representation if that party knew of, or did not reasonably inquire into, the falsehood." *Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (holding that "Rule 11 sanctions are proper when a party files a pleading that has no reasonable factual basis [or] when the party files a pleading in bad faith for an improper purpose") (quotation marks and citation omitted). In addition to requiring "litigants to 'stop-and-think' before initially making legal or factual contentions," the rule also emphasizes "the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting Fed. R. Civ. P. 11 advisory committee note of 1993). Doc. 11 at 2–3.

dismissal. *Id.* To date, Plaintiff has not filed a response or otherwise complied with the October 17 Order.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102; *see also Mitchell v. Nobles,* 873 F.3d 869, 875 (11th Cir. 2017) (noting that district courts have power "to sanction a party under Rule 11, including with dismissal, for knowingly making false statements to the court"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that where a litigant has been forewarned, dismissal for failure to obey a court order is generally not an abuse of discretion).

Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **December 15, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st of December, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE